**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUSSELL BERNARDINI, | No. 2:13-CV-1243-WBS-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| BARAK OBAMA, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

4  allege with at least some degree of particularity overt acts by specific defendants which support

5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6  impossible for the court to conduct the screening required by law when the allegations are vague

7  and conclusory.

8  Plaintiff names the following as defendants: Barack Obama, the C.I.A., the

9  "Armed Forces," the "Pentagon," and the sheriff of San Francisco County.[1]  Plaintiff's claims

10  appear delusional.  By way of example, plaintiff claims: "I contend that President George W.

11  Bush, et al., gave my information to, and conspired with, Osama bin Laden."  He also claims that

12  personnel at the San Francisco County Jail stole and "routed" his "information" to Osama bin

13  Laden.  According to plaintiff, his "information" shows that United States government officials

14  conspired with Osama bin Laden to cause "another Peal Harbor" on September 11, 2001.

15  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

16  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

17  (9th Cir. 1984).  When applied to a complaint, the term "frivolous" embraces both the inarguable

18  legal conclusion and the fanciful factual allegation.  See Neitzke, 490 U.S. at 325.  The court

19  may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal

20  theory or where the factual contentions are clearly baseless.  Id. at 327.  The critical inquiry is

21  whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual

22  basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

23  The court need not accept the allegations in the complaint as true, but must determine whether

24  they are fanciful, fantastic, or delusional.  See Denson v Hernandez, 504 U.S. 25, 33 (1992)

---

[1] Plaintiff states that he named former president George W. Bush in a prior lawsuit which was dismissed in 2005.

(quoting Neitzke, 490 U.S. at 328).  Finally, a complaint may be dismissed as frivolous if it merely repeats pending or previously litigated claims.  See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

In this case, the court finds that plaintiff's claims are fanciful, fantastic, and delusional.  Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 30, 2014

                                    /s/ Craig M. Kellison
                                  **CRAIG M. KELLISON**
                                  UNITED STATES MAGISTRATE JUDGE